UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYLER E. JENNINGS,
     Plaintiff,       **ORDER**
   v.            18-cv-6706-FPG

COMMISSIONER OF SOCIAL SECURITY,
     Defendant.

**Background**

Plaintiff Tyler E. Jennings brought this action pursuant to Title II of the Social Security Act seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. Complaint (Docket # 1).

On July 16, 2019, plaintiff's counsel filed a consent motion to substitute party requesting that this Court issue an order substituting plaintiff's wife, Heather Jennings, for plaintiff. (Docket # 15). The Commissioner's position regarding plaintiff's motion is unknown.

**Discussion**

Rule 25(a)(1) of the Federal Rules of Civil Procedure permits substitution of a party for a deceased party if: (1) the claim of a deceased party survives that party's death; (2) the individual seeking to be substituted is a "proper party"; and (3) the motion for substitution is made within "90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a).

1) <u>Survival of plaintiff's claims</u>

The regulations provide that if an individual dies before any payment of social security benefits is made, such benefits can be made to the child of the deceased individual if there is no surviving spouse left. 20 C.F.R. § 404 (d)(2); *see also Perlow v. Comm'r of Soc. Sec.*, No. 10-CV-1661(SLT), 2010 WL 4699871, at *1 (E.D.N.Y. Nov. 10, 2010) ("[T]he Act expressly provides for Plaintiff's Social Security benefits to be paid to his survivors in the event he dies before

1

collecting his underpayments.") (internal citation omitted). Therefore, plaintiff's claims survive his death.

2) Timeliness of motion

As to the timeliness of plaintiff's motion, the Federal Rules of Civil Procedure provide that the motion for substitution may be made within 90 days of "service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). "[C]ourts have construed a motion for substitution to be a notice of death when a party's death is first mentioned in the substitution motion." *Worrell v. Colvin*, No. 1:12-CV-3386(ENV), 2013 WL 3364373, at *1 (E.D.N.Y. July 3, 2013)(citations omitted). Here, plaintiff's counsel first informed the Court of plaintiff's death by filing her motion along with suggestion of death form on July 16, 2019. Docket ## 14, 15. Accordingly, the Court finds that the motion to substitute was timely filed.

3) Proper party for substitution

"A 'proper party' for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Perlow*, 2010 WL 4699871, at *2 (*citing Garcia v. City of New York*, No. CV 08-2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009)). Courts typically look to state law to determine whether a person is a proper "successor or representative" of the decedent. A "representative is a person who has received letters to administer the estate of a decedent." N.Y. E.P.T.L. § 1–2.13 (McKinney). A "successor" of the deceased party is a "distributee" of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Garcia*, 2009 WL 261365, at *1 (internal citations omitted).

Here, plaintiff's counsel asserts that plaintiff was married to Heather Jennings at the time of death. However, Ms. Jennings has not demonstrated that she is a proper party to be substituted

2

at this juncture. Neither counsel's affirmation, not Ms. Jennings' affidavit, include proof establishing that Ms. Jennings was granted testamentary letters of administration regarding the estate of her husband, Tyler E. Jennings, or that Ms. Jennings is a distributee of plaintiff's estate. For Ms. Jennings to be substituted, she must demonstrate that she is a distributee of her husband's estate and that the estate has been distributed without probate or that she has been appointed administrator or executor of her husband's estate.

## Conclusion

Accordingly, plaintiff's motion for substitution (Docket # 15) is **denied** with leave to renew upon the filing of the necessary supplemental documentation on or before **September 3, 2019**.

**IT IS SO ORDERED.**

Dated: August 2, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court